NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30142 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-00344-JO-1 |
| v. | |
| JOSE RAMON SANCHEZ-RAMIREZ, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30143 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00162-JO-1 |
| v. | |
| JOSE RAMON SANCHEZ-RAMIREZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Argued and Submitted April 11, 2022
Seattle, Washington

Before: BOGGS,** HURWITZ, and KOH, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

After Jose Sanchez-Ramirez was indicted for illegal reentry in violation of 8 U.S.C. § 1326, he moved to dismiss the indictment, collaterally attacking a 2009 administrative removal order, and arguing that but for due-process violations in the issuance of that order, he would have applied for relief under the Convention Against Torture ("CAT"). The government conceded for purposes of argument that due-process violations had occurred, but argued that the motion to dismiss should be denied because Sanchez had not demonstrated prejudice. The district court denied the motion. Sanchez then entered a conditional guilty plea, reserving the right to appeal that order. We affirm.

1. The district court did not err in declining to presume prejudice. Sanchez argues that he was denied due process because the Notice of Intent to Issue a Final Administrative Removal Order served on him was in English, a language he did not understand, and immigration officials did not explain it to him in Spanish. But we have required a showing of actual prejudice in similar circumstances. *See United States v. Reyes-Bonilla*, 671 F.3d 1036, 1044, 1047–49 (9th Cir. 2012). We therefore decline to presume prejudice here.

2. To establish prejudice, Sanchez had the burden of showing that it is "plausible" he would have been granted CAT relief had he sought it in 2009. *United*

** The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

*States v. Ramos*, 623 F.3d 672, 684 (9th Cir. 2010). This showing requires "some evidentiary basis on which relief could have been granted, not merely a showing that some form of immigration relief was theoretically possible." *Reyes-Bonilla*, 671 F.3d at 1049–50.

The district court did not err in finding that Sanchez did not make the requisite showing. CAT protection is only available if "it is more likely than not that [a petitioner] would be tortured" upon removal. 8 C.F.R. § 208.16(c)(2). Sanchez's claim focused on a single incident in which his father was attacked in Mexico by rival ranchers when Sanchez was eight years old. He made no claim that he faced any harm in the approximately nine years he remained in Mexico after the incident, and indeed told authorities in 2008 that he did not fear harm if returned to Mexico. The documentary evidence only shows a generalized risk of violence in Mexico, not that it is more likely than not that Sanchez would be tortured if removed. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**AFFIRMED.**